UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RICHARD SOUTHALL,

                          Plaintiff,                              20-cv-9103 (PKC)

     -against-                                           <u>ORDER</u>

ASG PARTNERS LLC,

                          Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Richard Southall moves for the entry of default judgment against defendant ASG Partners LLC ("ASG") pursuant to Rule 55(b), Fed. R. Civ. P. (Docket # 15.) For the reasons that will be explained, the motion will be granted. Southall will be awarded $6,500 in damages and $440 in expenses.

        The Complaint in this action was filed on October 29, 2020. (Docket # 1.) Southall brings one claim of copyright infringement, 17 U.S.C. §§ 106, 501, and one claim of alteration of copyright-management information under the Digital Millennium Copyright Act, 17 U.S.C. § 1202 ("DMCA"). (Compl't ¶¶ 18-30.) The Complaint alleges that ASG published Southall's copyrighted photo on its website without obtaining his permission or consent. (Compl't ¶¶ 13-16.) It alleges that ASG removed copyright-management information from the image and did not attribute the work to Southall. (Compl't ¶ 17.)

        An affidavit of service reflects that on November 2, 2020, Southall effectuated service of process on ASG by delivering the summons and complaint to the office of the New York Secretary of State. (Docket # 14.) ASG has not appeared in this case. The Clerk of Court filed a certificate of default on December 9, 2020. (Docket # 12.)

The Court is satisfied that it has personal jurisdiction of ASG because its business is alleged to be based in New York. (Compl't ¶ 6.) The Court is also satisfied that it has subject matter jurisdiction because the Complaint brings claims under the Copyright Act and the DMCA.

To establish liability for copyright infringement, a plaintiff must prove ownership of a valid copyright and "'copying of constituent elements of work that are original.'" Boisson v. Banian, Ltd., 273 F.3d 262, 267 (2d Cir. 2011) (quoting Feist Publishing, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)). When a defendant defaults, the well-pleaded allegations of a complaint are deemed to be admitted. See, e.g., Vera v. Banco Bilbao Vizcaya Argentaria, S.A., 946 F.3d 120, 135 (2d Cir. 2019). Here, the Complaint plausibly alleges that Southall created a photograph of the Aqua Shard Restaurant and registered the photograph with the United States Copyright Office. (Compl't ¶¶ 10, 12-13 & Exs. A-C.) It plausibly alleges that ASG re-published the photo as part of an online article called "10 of the Most Glamorous Places to Celebrate New Year's Eve," and that ASG altered the photo to remove Southall's copyright-management information. (Compl't ¶ 15, 17 & Ex. D.) The Court concludes that the entry of default judgment is appropriate as to liability.

Southall seeks $1,500 in actual damages on his copyright infringement claim. The Copyright Act provides that a "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement . . . ." 17 U.S.C. § 504(b). "The award of the owner's actual damages looks at the facts from the point of view of the copyright owner; it undertakes to compensate the owner for any harm he suffered by reason of the infringer's illegal act." On Davis v. The Gap, Inc., 246 F.3d 152, 159 (2d Cir. 2001). Southall states that there is no history of licensing fees for this photograph, but he "estimates" that he would have charged up to $1,500 for ASG's use of the photo. (Roscho Dec. ¶ 19.) While Southall's actual damages

are not documented, his modest estimate is reasonable.  The Court therefore will award $1,500 in actual damages on Southall's copyright infringement claim.

Southall separately seeks $5,000 in statutory damages under the DMCA.  The DMCA provides that "a complaining party may elect to recover an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500 or more than $25,000."  17 U.S.C. § 1203(c)(3)(B).  ASG's default has limited Southall's ability to fully address the factors to be considered when awarding statutory damages.  See, e.g., Bryant v. Media Right Prods., 603 F.3d 135, 144 (2d Cir. 2010) (in awarding statutory damages, courts should consider "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.").  ASG's removal of copyright-management information is evidence of an unlawful intent and the need for deterrence.  The Court therefore concludes that an award of $5,000 in statutory damages is appropriate.

Lastly, Southall seeks the reimbursement of $440 in expenses, reflecting $400 in filing fees and $40 to effectuate service of process.  (Roscho Dec. ¶ 20.)  He does not seek an attorneys' fees award.  The Court concludes that the expenses are reasonable.

CONCLUSION.

Plaintiff's motion for entry of default judgment is GRANTED.  (Docket # 15.)  Plaintiff is awarded $6,500 in damages, plus $440 in expenses.  The Clerk is directed to terminate the motion, enter judgment for the plaintiff and close the case.

- 4 -

SO ORDERED.

*P. Kevin Castel*
P. Kevin Castel
United States District Judge

Dated: New York, New York
       March 30, 2021